UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GREGORY ADAMS AND JASMINE ROSS,

                 Plaintiffs,

       -against-

THE CITY OF NEW YORK, DET.
JACQUELINE DEMEREST, and
NYPD OFFICERS "JOHN DOE" 1-4,
(fictitiously named), individually,

                 Defendants.
--------------------------------------------------------X

Docket No: 26-cv-4296

**COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiffs, GREGORY ADAMS ("Gregory"), and JASMINE ROSS ("Jasmine") collectively, plaintiffs by their attorneys, HARFENIST KRAUT & PERLSTEIN, LLP, as and for a complaint, allege as follows:

<h3 style="text-align:center">NATURE OF THE ACTION</h3>

1.     This is an action seeking recovery for the deprivation of Plaintiffs' civil rights guaranteed to them under the Fourth and Fourteenth Amendments to the United States Constitution, committed by Det. Jacqueline Demerest, John Does 1-4 and the City of New York ("City") (collectively, the "Defendants").

2.     Additionally, this action seeks recovery under New York law for false arrest and malicious prosecution.

3.     Plaintiffs base this action upon the illegal seizure they suffered at the hands of the Defendants and other members of the New York City Police Department

1

("NYPD") on April 20, 2025, after Jasmine called 911 to seek police assistance because a neighbor was screaming at and violently banging on the door of the apartment in which Jasmine's thirteen-year-old son was alone and frightened.

4. The responding officers told Jasmine there was nothing they could do and left the building without ever going to Jasmine's floor and without ever speaking to the neighbor who had threatened her family.

5. Minutes after the officers left, that same neighbor and her son beat, tased, and choked the Plaintiffs. The officers then returned to the building and arrested the victims of the assault rather than its perpetrators without viewing the surveillance footage that would have shown them precisely who the aggressors were.

## JURISDICTION

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 42 U.S.C. § 1983 in that the actions taken by the Defendants violated Plaintiffs' civil rights.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, in that those claims are so related to the federal claims that they form part of the same case or controversy.

## VENUE

8. Venue is proper in the Eastern District of New York because a substantial part of the events or omissions giving rise to the claims occurred in

2

Queens County, New York, at 1047 Beach 21st Street, Far Rockaway, New York 11691, which is within this District.

## PARTIES

9.   Plaintiff Gregory is an individual who resides in the County of Queens.

10.   Plaintiff Jasmine is an individual who resides in the County of Queens.

11.   Upon information and belief, Defendant City is a municipal corporation organized under the laws of the State of New York, with its principal place of business located at 1 Centre Street, New York, New York 10007.

12.   Upon information and belief, Defendant Detective Jacqueline Demerest ("Demerest"), was at all times relevant to this action a detective employed by the City and is sued in her individual capacity.

13.   Upon information and belief, Defendants NYPD Officers John Does 1-4 ("John Does 1-4") are individuals whose names are currently unknown, who were employed by the City as police officers at all times relevant to this action, and whose addresses are presently unknown.

## STATEMENT OF FACTS

14.   At all relevant times, Jasmine was a tenant at 1047 Beach 21st Street, Far Rockaway, New York 11691, where she resided on the 7th floor with her thirteen-year-old son.

3

15.    At all relevant times, Gregory was Jasmine's boyfriend and a regular house guest at her apartment.

16.    Upon information and belief, 1047 Beach 21st Street sits on a lot owned by the City that was developed by the New York City Economic Development Corporation, which contracted with The Community Builders, Inc. to construct and manage the residential property, including its security.

17.    During the course of Jasmine's residence at 1047 Beach 21st Street, she was repeatedly harassed by her neighbor, Erica Latorre, who lodged baseless noise complaints against Jasmine's family.

18.    Jasmine attempted to resolve the issue by speaking with Ms. Latorre and with building management.

19.    Ms. Latorre nevertheless continued to make complaints, to bang on Jasmine's door, and to shout aggressively at Jasmine and her family.

20.    Jasmine asked building management and building security for help on numerous occasions.

21.    Gregory was present for and observed this harassment.

22.    In or about early April 2025, The Community Builders, Inc. circulated a memorandum advising that it was reducing security at the property.

23.    On or about April 20, 2025, at approximately 12:00 p.m., Jasmine and Gregory were away from the 7th floor apartment.

24. While they were out, Jasmine received a telephone call from her thirteen-year-old son, who reported that Ms. Latorre was screaming and violently banging on the apartment door and that he was scared.

25. Jasmine and Gregory immediately returned to the apartment building.

26. Upon their return, Jasmine immediately sought the assistance of building security, but no security personnel were present to deescalate the situation.

27. While Jasmine sought security, Gregory went to the apartment on the 7th floor to check on Jasmine's son.

28. After building security proved to be of no help, Jasmine called 911 for assistance.

29. Shortly thereafter, four NYPD officers, John Does 1-4, arrived at 1047 Beach 21st Street and met Jasmine in the lobby of the building.

30. Jasmine asked John Does 1-4 to accompany her to the 7th floor to deescalate the threatening situation.

31. John Does 1-4 informed Jasmine that there was nothing they could do John Does 1-4 informed Jasmine that there was nothing they could do.

32. John Does 1-4 then left 1047 Beach 21st Street without ever going to the 7th floor and without ever speaking to the neighbor who had threatened Jasmine and her family.

33.    Minutes after John Does 1-4 departed the building, Plaintiffs were brutally beaten by Ms. Latorre and her son, Ayden Garcia.

34.    Ayden Garcia punched Gregory in the face first, without provocation, then tased him repeatedly and choked him unconscious and near death.

35.    Ms. Latorre sat on Jasmine's chest and tased her repeatedly in the head and body.

36.    Neither Plaintiff was the initial aggressor. Neither Plaintiff struck Ms. Latorre or Mr. Garcia except in defense of themselves and of each other.

37.    As a result of the assault, Gregory suffered rhabdomyolysis and organ failure caused by being repeatedly tased, a loss of blood flow to the brain, a concussion, numerous contusions about his head and body, muscle soreness, and ongoing pain, mental anguish, and emotional distress.

38.    As a result of the assault, Jasmine suffered a fractured hand, a concussion, nerve damage and numbness to her hand, numerous contusions about her head and body, repeated taser applications to her chest, muscle soreness, and ongoing pain, mental anguish, and emotional distress.

39.    The same officers, John Does 1-4, then responded back to the scene.

40.    Upon their return, John Does 1-4 arrested both Plaintiffs.

41.    Gregory was charged with Assault in the Second Degree (PL § 120.05-2), Strangulation in  the Second Degree (PL § 121.12), Assault in the Third Degree

(PL § 120.00-1), Criminal Obstruction of Breathing or Blood Circulation (PL § 121.11-A), Criminal Possession of a Weapon in the Fourth Degree (PL § 265.01-1), and Criminal Possession of a Weapon in the Fourth Degree (PL § 265.01-2).

42.    Jasmine was charged with Assault in the Second Degree (PL § 120.05-2), Assault in the Third Degree (PL § 120.00-1), Criminal Possession of a Weapon in the Fourth Degree (PL § 265.01-1), and Criminal Possession of a Weapon in the Fourth Degree (PL § 265.01-2).

43.    Upon information and belief, John Does 1-4 did not arrest Ms. Latorre or Mr. Garcia.

44.    At all relevant times, video surveillance cameras were affixed to 1047 Beach 21st Street, including a camera pointed directly at the location where the assault took place.

45.    In the course of their investigation, John Does 1-4 did not view the video footage from those cameras, did not go to building management to request that footage, and did not otherwise make any attempt to obtain or review it.

46.    Had John Does 1-4 gone to management and watched the video, they would have seen clearly and unequivocally that Ms. Latorre and Mr. Garcia threw the first punches; that Mr. Garcia punched Gregory in the face before tasing him repeatedly and choking him unconscious; and that Ms. Latorre sat on Jasmine's chest and tased her repeatedly in the head and body.

47.     John Does 1-4 also knew, or in the exercise of any reasonable diligence would have known, that it was Jasmine who had summoned them to the building minutes earlier for protection from Ms. Latorre; that Jasmine had reported that Ms. Latorre was screaming at and banging on her door; and that they had declined to act on that report.

48.     Plaintiffs' injuries, including taser marks, contusions, and Gregory's condition following being choked unconscious, were apparent to John Does 1-4 upon their return to the scene.

49.     John Does 1-4 failed to conduct even a minimally adequate investigation before arresting Plaintiffs, and deliberately or recklessly disregarded plainly exculpatory evidence that was readily available to them at the scene.

50.     John Does 1-4 lacked probable cause to believe that either Plaintiff had committed, was committing, or was about to commit any crime.

51.     Plaintiffs were at all times aware of their confinement and at no time consented to it.

52.     Upon information and belief, John Does 1-4 provided false, misleading, and/or materially incomplete information to prosecuting authorities, including by omitting the existence of the surveillance footage, the fact that Jasmine had called 911 for protection from Ms. Latorre, and the fact that Ms. Latorre and Mr. Garcia were the aggressors.

53.     Upon information and belief, Demerest was assigned to investigate the events of April 20, 2025 at 1047 Beach 21st Street. On or about April 20, 2025, Demerest swore to and signed felony complaints against both Plaintiffs.

54.     By swearing to and signing those felony complaints, Demerest commenced and initiated criminal proceedings against each Plaintiff.

55.     Upon information and belief, Demerest was not present at 1047 Beach 21st Street at the time of the assault, did not witness the assault, and had no personal knowledge of the facts to which she swore in the felony complaints.

56.     Demerest deliberately or recklessly disregarded plainly exculpatory evidence that was readily available to her, and swore to an accusatory instrument charging Plaintiffs with felony assault without any reasonable basis to believe the allegations of that instrument were true.

57.     Demerest continued the criminal proceedings against Plaintiffs after she knew or should have known that there was no probable cause to support the charges.

58.     The criminal proceedings against Gregory terminated in his favor and dismissed on or about October 27, 2025.

59.     The criminal proceedings against Jasmine terminated in her favor and were dismissed on or about October 27, 2025.

60. As a result of the prosecutions, each Plaintiff suffered a deprivation of liberty consistent with the concept of a seizure under the Fourth Amendment, including by being compelled to submit to the criminal process and to appear and answer the charges.

61. On or about June 24, 2025, a Notice of Claim on behalf of Gregory was served on the City pursuant to General Municipal Law § 50-e.

62. On or about June 24, 2025, a Notice of Claim on behalf of Jasmine was served on the City pursuant to General Municipal Law § 50-e.

63. On August 12, 2025, a hearing on the claims were conducted pursuant to General Municipal Law § 50-h for Gregory.

64. On January 15, 2026, a hearing on the claims were conducted pursuant to General Municipal Law § 50-h for Jasmine.

65. Although more than thirty (30) days have elapsed since the service of the Notices of Claim, the City has failed to adjust the claims.

### AS AND FOR A FIRST CAUSE OF ACTION
### FALSE ARREST IN VIOLATION OF PLAINTIFF'S
### FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### (42 U.S.C. § 1983)

66. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

67.    At all relevant times, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of New York and the City, and within the scope of their employment as officers of the NYPD.

68.    The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees Plaintiffs the right to be free from unreasonable searches and seizures, including arrest and detention without probable cause.

69.    Defendants intentionally seized, restrained, and confined each Plaintiff when they placed them under arrest and charged them with various crimes.

70.    Plaintiffs were at all times aware of their confinement and at no time consented to it.

71.    The seizure and confinement were not otherwise privileged. Defendants lacked probable cause to believe that either Plaintiff had committed, was committing, or was about to commit any crime.

72.    The arrests and seizures of Plaintiffs were objectively unreasonable in light of the totality of the circumstances known to Defendants at the time.

73.    As a direct and proximate result of the foregoing, each Plaintiff was deprived of his or her liberty and of his or her rights under the Fourth and Fourteenth Amendments, and sustained severe emotional distress, shame, humiliation, and embarrassment, and the further damages described herein.

## AS AND FOR A SECOND CAUSE OF ACTION
### MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### (42 U.S.C. § 1983)

74.    Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

75.    Defendants, acting under color of state law, initiated and/or continued a criminal proceeding against each Plaintiff by arresting them, by causing criminal charges to be filed against them, and by providing false, misleading, and/or materially incomplete information to prosecuting authorities.

76.    There was no probable cause for the commencement or continuation of the criminal proceedings against either Plaintiff.

77.    acted with actual malice and with reckless disregard for Plaintiffs' rights, including by initiating and pursuing charges they knew or should have known were without factual support, and by doing so in order to conceal and justify their own antecedent refusal to respond to Jasmine's call for assistance.

78.    The criminal proceedings were terminated in each Plaintiff's favor.

79.    As a result of the prosecutions, each Plaintiff suffered a deprivation of liberty consistent with the concept of a seizure under the Fourth Amendment, including by being compelled to submit to the criminal process and to appear and answer the charges.

12

80.    As a direct and proximate result of the foregoing, Plaintiffs sustained the injuries and damages described herein.

### AS AND FOR A THIRD CAUSE OF ACTION
### FALSE ARREST UNDER NEW YORK STATE LAW

81.    Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

82.    Defendants intentionally confined and restrained each Plaintiff when they placed them under arrest against their will.

83.    Plaintiffs were conscious of the confinement and did not consent to it.

84.    The confinement was not otherwise privileged, in that Defendants lacked probable cause to arrest or otherwise detain either Plaintiff.

85.    At all relevant times the individual Defendants were acting within the scope of their employment with the City, and the City is therefore liable for their conduct under the doctrine of respondeat superior.

86.    Plaintiffs have complied with all conditions precedent to suit. Notices of Claim were served upon the City pursuant to General Municipal Law § 50-e; more than thirty (30) days have elapsed since service of the Notices of Claim; and the City has neglected and refused to adjust or satisfy the claims. This action is timely commenced.

87.    As a direct and proximate result of the foregoing, Plaintiffs sustained the injuries and damages described herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW

88.    Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

89.    Defendants initiated and/or continued a criminal proceeding against each Plaintiff by causing them to be charged with various crimes.

90.    The criminal proceedings were terminated in each Plaintiff's favor.

91.    There was no probable cause for the commencement or continuation of the criminal proceedings.

92.    Defendants acted with actual malice in initiating and continuing the criminal proceedings against Plaintiffs.

93.    At all relevant times the individual Defendants were acting within the scope of their employment with the City, and the City is therefore liable for their conduct under the doctrine of respondeat superior.

94.    Plaintiffs have complied with all conditions precedent to suit as set forth above.

95.    As a direct and proximate result of the foregoing, Plaintiffs sustained the injuries and damages described herein.

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands the following relief:

a.      For compensatory damages against all defendants in an amount to be proved at trial, but no less than TWO MILLION DOLLARS ($2,000,000.00).

b.      For exemplary and punitive damages against all defendants in an amount to be proved at trial.

c.      For attorney's fees pursuant to 42 U.S.C. §1988 against all defendants.

d.      For such other and further relief as this Court may deem just and proper.

Dated:  Lake Success, New York
        June 17, 2026

HARFENIST KRAUT & PERLSTEIN, LLP

By:    _____*Steven J. Harfenist*_____
       Steven J. Harfenist
       *Attorneys for Plaintiffs*
       3000 Marcus Avenue, Suite 2E1
       Lake Success, New York 11042
       T: (516) 355-9600
       F: (516) 355-9601
       E: SHarfenist@hkplaw.com